**WO**                                                                                                    MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jenghiz K. Stewart, ) | No. CV 07-344-PHX-MHM (ECV) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Brian C. Bond, Esq., ) | |
| Defendant. ) | |

**I.     Pending Motion**

On May 8, 2007, Plaintiff Jenghiz K. Stewart, who is confined in the Arizona State Prison Complex-Lewis in Buckeye, Arizona, filed Motion for Reconsideration (Doc. #8) of the Court's April 30, 2007 Order (Doc. #5).  In that Order, the Court dismissed Plaintiff's Complaint for failure to state a claim because Defendant was not acting under color of state law and because Plaintiff's claims were barred by Heck v. Humphrey, 512 U.S. 477 (1994). In his motion for reconsideration, Plaintiff states that he "feels he can present a viable claim" and that "not affording the plaintiff a chance to amend this salvag[e]able claim den[ie]s him the opportunity for a fair trial and due process."

**II.    Discussion**

"Motions to reconsider are appropriate only in rare circumstances."  Defenders of Wildlife v. Browner, 909 F. Supp. 1342, 1351 (D. Ariz. 1995).  "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  School Dist. No. 1J, Multnomah County v. ACandS,

Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through–rightly or wrongly.'" Defenders of Wildlife, 909 F. Supp. at 1351 (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)).

The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).

Plaintiff's Complaint was dismissed without leave to amend because the defects cannot be corrected. The Court has considered Plaintiff's motion for reconsideration and finds no basis to alter its Order. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Doc. #8) is **denied**.

DATED this 15th day of May, 2007.

_____
Mary H. Murgula
United States District Judge